IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent<br><br>vs.<br><br>RASHAWN RAKI WALLACE,<br>Defendant-Movant. | CR. No: 3:07-155-JFA-17<br><br>ORDER |

This matter comes before the court upon the original and amended motions by defendant Rashawn Raki Wallace to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF Nos. 1590 & 1614). For the reasons discussed below, the court finds that the grounds asserted by Wallace lack merit, that the Respondent's motion for summary judgment should be granted, and that the Petition should be dismissed.

## BACKGROUND

This case arose out of an investigation into the Gangsta Killer Bloods street gang which resulted in the indictment of Wallace and a number of codefendants for various drug and weapons offenses. Count 1 of the indictment charged Wallace with conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base (i.e., "crack" cocaine), 5 kilograms of powder cocaine, and a quantity of marijuana. Counts 67 through 74 charged Wallace with possession with intent to distribute and distribution of crack cocaine. The offenses in these latter counts occurred during controlled buys which took place during June, August, and September 2006. At trial, Respondent moved to

dismiss Count 1 and proceeded on Counts 67–74. On April 24, 2008, a jury returned a guilty verdict on Counts 67–74.

In Wallace's Presentence Investigation Report (PSR), the probation officer calculated Wallace's offense level using the guidelines for both drug offenses (*see* U.S.S.G. §§ 2D1.1(a) & 3D1.2(d)) and career offenders (*see* U.S.S.G. § 4B1.1). Under the drug guidelines, Wallace's offense level was calculated to be 38. Under the career offender guidelines, his offense level was 37. Thus, the probation officer used the higher of the two and set Wallace's total offense level at 38. However, both offense levels corresponded to a criminal history category of VI and a guideline range for imprisonment of 360 months to life.

During sentencing, Wallace specifically indicated that he did not object to his PSR, even after his mother improperly attempted to introduce objections to his status as a career offender on his behalf. However, counsel for Wallace sought a variance from the guideline sentence based upon a 1:1 ratio between powder and crack cocaine. This court granted the variance, but because Wallace was deemed a career offender under the sentencing guidelines, the variance only reduced his base offense level to 37. After considering the advisory guidelines and the factors set forth in 18 U.S.C. § 3553(a), this court sentenced Wallace to a 400 month term of imprisonment with 8 years of supervised release.

Wallace then appealed, arguing in part that this court plainly erred in sentencing Wallace as a career offender. More particularly, Wallace's status as a career offender

was based on two predicate offenses: a 1997 conviction for armed robbery and kidnapping and a 2004 conviction for possession with intent to distribute crack cocaine. Because Count 1 of the indictment in this case (charging conspiracy) alleged that the conspiracy began "at least in 1999" and continued through the date of the indictment, October 17, 2007, Wallace argued that the court should have considered his 2004 state drug conviction as relevant conduct, rather than a career offender predicate offense.

The Fourth Circuit rejected this argument. *United States v. Wallace*, 391 Fed. Appx. 235, 237 (4th Cir. 2010). In particular, the court of appeals noted that the government dropped the conspiracy count at trial and proceeded against Wallace only on the substantive drug counts, all of which occurred in 2006. Moreover, the court of appeals explained that Wallace "has not established that the 2001 crime underlying the 2004 guilty plea was related in any way to the substantive distribution crimes involved in this case." *Id.* Thus, the Fourth Circuit found no plain error and affirmed his conviction. *Id.*

Wallace filed the instant petition pursuant to 28 U.S.C. § 2255 on November 10, 2011. He advances a single ground for relief: that his counsel, Ernest Adolphus Finney, II, and Jerry Leo Finney, were ineffective for failing to object to his status as a career offender. Specifically, Wallace again argues that his 2004 state drug conviction was relevant conduct, asserting that this prior conviction was well within the scope of the conspiracy alleged in Count 1 of the indictment. Further, Wallace argues that the conviction is relevant conduct despite the fact that Respondent dropped this conspiracy

charge prior to trial on the substantive drug offenses. He then states that a reasonably prudent criminal defense attorney would have known to object to the use of this prior conviction as a predicate offense. Wallace contends that had he not been deemed a career offender, his offense level would have been a 32, with a criminal history category of IV and a guideline range of 168 to 210 months of imprisonment.

The Government, Respondent here, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 1631). Respondent argues that Wallace's counsel was not ineffective because they had no basis to contest Wallace's classification as a career offender. In particular, Respondent contends that the 2004 drug conviction was a proper predicate offense under the sentencing guidelines and thus that the guidelines were properly calculated. Further, Respondent has submitted affidavits of Wallace's counsel stating, among other things, that they believed an objection to the PSR's characterization of Wallace as a career offender "was and still is meritless."

## STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, Wallace must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's

performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, Wallace must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.*

## DISCUSSION

Wallace's sole ground for relief is that his counsel was ineffective in failing to object to his classification and sentencing as a career offender. As explained below, this court disagrees. Wallace was properly classified and sentenced as a career offender under the sentencing guidelines.

5

A sentence for conduct that is "part of the instant offense" is not counted as a prior sentence in determining criminal history. *See* U.S.S.G. § 4A1.2(a)(1). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3." *Id.* § 4A1.2 cmt., n. 1. In other words, if a prior felony conviction is relevant conduct, it is "part of the instant offense" and not a proper predicate offense for determining a defendant's status as a career offender. *See id.* § 4B1.2 cmt., n. 3 ("The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1.").

Thus, whether this court properly sentenced Wallace as a career offender turns on the definition of "relevant conduct" set forth in the United States Sentencing Guidelines, Section 1B1.3. In pertinent part, "relevant conduct" includes:

(1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that *occurred during the commission of the offense of conviction*, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were *part of the same course of conduct or common scheme or plan as the offense of conviction*;

6

. . . .

*Id.* § 1B1.3(a) (emphasis added). The Application Notes for Section 1B1.3 explain the interplay between subsections (a)(1) and (a)(2). In particular, "[s]ubsection (a)(2) provides for consideration of a broader range of conduct with respect to one class of offenses, primarily certain property, tax, fraud and drug offenses for which the guidelines depend substantially on quantity, than with respect to other offenses such as assault, robbery and burglary." *Id.* § 1B1.3 cmt., background. Further, these subsections "adopt different rules because offenses of the character dealt with in subsection (a)(2) (i.e., to which § 3D1.2(d) applies) often involve a pattern of misconduct that cannot readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing." *Id.* Thus, if the character of the offense requires grouping of multiple counts, subsection (a)(2) includes as relevant conduct a broader group of acts than subsection (a)(1). *See United States v. Horton*, 2012 WL 3743226, at *11 (4th Cir. Aug. 30, 2012).

Although the offenses charged in Counts 67–74 are those "for which § 3D1.2(d) would require grouping of multiple counts," indicating that subsection (a)(2) is applicable in his case, Wallace argues in his Reply Brief (ECF No. 1652) that his 2004 state conviction falls within the definition of relevant conduct set forth in subsection (a)(1). In particular, Wallace focuses on Count 1 of the indictment, which charged Wallace with a conspiracy beginning "at least in 1999." He notes that his 2004 conviction (the offense conduct for which occurred in 2001) must have been a part of the conspiracy. Wallace

7

then points to the final paragraph in Application Note 8 of Section 1B1.3, which states that, "in certain cases, offense conduct associated with a previously imposed sentence may be expressly charged in the offense of the conviction. Unless otherwise provided, such conduct will be considered relevant conduct under subsection (a)(1), not (a)(2)." U.S.S.G. § 1B1.3 cmt., n. 8.

Wallace is incorrect. Importantly, Wallace's argument ignores the fact that both subsection (a)(1) and the cited paragraph in Application Note 8 require offense conduct associated with (e.g., occurring during or charged in) the "offense of the conviction." In Application Note 8, the "offense of the conviction" refers to "the acts or omissions constituting the instant federal offense." *Id.* In this case, the offense(s) of conviction are those charged in Counts 67–74; Respondent dropped the conspiracy charge, Count 1, at trial. Thus, the conspiracy charge on which Wallace relies is clearly not the offense of the conviction. Correspondingly, the conduct associated with the 2004 state drug conviction occurred in 2001, and hence it was not associated with (e.g., it neither occurred during nor was charged in) the offenses of Counts 67–74, all of which occurred in 2006. As the Fourth Circuit previously explained, "Wallace has not established that the 2001 crime underlying the 2004 guilty plea was related in any way to the substantive distribution crimes involved in this case." *Wallace*, 391 Fed. Appx. at 237. Thus, subsection (a)(1) is fully inapplicable to Wallace's case.

Moreover, the principal case on which Wallace relies, *United States v. Kenyon*, 7 F.3d 783 (8th Cir. 1993), is fully distinguishable on this basis. As Wallace noted in his

8

Reply Brief, the defendant in that case, Kenyon, pleaded guilty to a conspiracy to possess with intent to distribute cocaine between September, 1991 and February 28, 1992. However, the prior conviction Kenyon contested was a guilty plea to a charge that he possessed cocaine on *February 27, 1992*. Thus, unlike Wallace's 2004 conviction, offense conduct associated with Kenyon's prior possession of cocaine was expressly charged in the offense of conviction, and it should have been considered relevant conduct under Section 1B1.3(a)(1). Consequently, *Kenyon* does not support Wallace's argument.

Furthermore, Wallace's 2004 state drug conviction is not relevant conduct under subsection (a)(2), either. Notably, Application Note 8 states that "[f]or the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3 cmt., n. 8. In Wallace's case, the sentence for his prior state conviction was imposed on August 31, 2004, two years prior to the conduct charged in Counts 67–74. Therefore, the conduct associated with the 2004 conviction was not "part of the same course of conduct or common scheme or plan" as the offenses charged in Counts 67–74, and Wallace's state drug conviction is not relevant conduct under subsection (a)(2). *See United States v. Smith*, 187 Fed. Appx. 330, 331–32 (4th Cir. 2006).

Based on the above, Wallace's 2004 conviction is a "prior sentence" under U.S.S.G. Section 4A1.2(a)(1), and the PSR properly determined that Wallace was a career offender under U.S.S.G. Section 4B1.1.

Consequently, Wallace has not demonstrated that his counsel's representation fell below an objective standard of reasonableness, the first prong of the *Strickland v. Washington* test. Wallace's counsel correctly determined that raising an objection to his status as a career offender was without merit, and they were not ineffective for failing to do so. Moreover, this determination was in accordance with Wallace's statements during sentencing—both before and after his mother's attempt to object on his behalf to his status as a career offender—that he had no objections to his PSR. Because Wallace has not shown ineffective representation, this court need not address the second prong of the *Strickland* test.

## CONCLUSION

Having carefully considered all of the allegations raised in the § 2255 petition, the court concludes that Wallace's claim lacks merit. For the reasons contained herein, Wallace's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 1590 & 1614) are denied, and the government's motion for summary judgment (ECF No. 1631) is granted. It is further ordered that a certificate of

appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

    IT IS SO ORDERED.

October 1, 2012                                   Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).